Dear Mr. Fonte:
You have requested the opinion of this office examining the legality of the submission of a bid by Manufab, Inc., to supply handrails to the riverboat casinos and the casino to be constructed at the Rivergate site in Orleans Parish. Manufab, Inc., is owned in part by Harry Lee, the elected Sheriff of Jefferson Parish. You ask whether the law permits this elected official to enter into such a business transaction.
The law governing riverboat gaming and the land-based casino which is pertinent to your inquiry provides, respectively:
 LSA R.S. 4:555. Contracts prohibited; gaming operator; public officials; penalties
 A. No elected public official as defined in R.S. 42:1 shall engage in any business activity with a licensee except as a patron.
 B. As used in this Section, business activity shall specifically include but is not limited to contracts;
 (1) For the sale or purchase of goods, merchandise, and services.
 (2) To provide or receive legal services, advertising, public relations, or any other business or personal service.
 (3) For the listing, purchase or sale of immovable property or options or real rights relating thereto.
 (4) Modifying ownership or possessory interests in stocks, bonds, securities, or any financial instruments.
LSA-R.S. 4:504(13) defines "licensee" and provides:
 (13) "Gaming operator" or "licensee" means any person holding or applying for a gaming license to conduct gaming activities.
LSA-R.S. 4:661 governing the land-based casino provides:
 § 661. Prohibited contacts with official gaming establishment and casino operator; public officers; penalties
 A. No public officer as defined in R.S. 42:1 shall engage in any business activity with a casino gaming operator except as a patron in the official gaming establishment or other premises where authorized gaming activities are conducted.
 B. As used in this Section, business activity shall specifically include but not be limited to contracts:
 (1) For the sale or purchase of goods, merchandise, and services.
 (2) To provide or receive legal services, advertising, public relations, or any other business or personal services.
 (3) For the listing, purchasing, or selling of immovable property or options or real rights relating thereto.
 (4) Modifying ownership or possessory interests in stocks, bonds, securities, or any financial instruments.
Defining "gaming operator", LSA-R.S. 4:605(15) provides:
 (15) "Gaming operator" means a person licensed by the corporation or authorized by contract with the corporation to conduct gaming operations or gaming activities in accordance with the provisions of this Chapter.
Both the Riverboat Gaming and Economic Development and Gaming Control Act and the Louisiana Economic Development and Gaming Corporation Law prohibit business relationships between licensees or operators and elected public officials. However, you state that Manufab, Inc., would submit a bid for work to the general-contractor or a sub-contractor. You further state Manufab, Inc., would never bid directly to the licensee or operator of the casino.
The definition of "licensee" and "operator" in the Acts quoted above is limited to those persons holding a license to conduct gaming operations and does not include those contractors who perform work for the construction of the casinos. Therefore, the statutory prohibition does not limit the sheriff's ability to contract with the general contractor or a sub-contractor. It is the opinion of this office that the business relationship you describe is permissible under state law.
We refrain from addressing any inquiries concerning the Code of Governmental Ethics, LSA-R.S. 42:1101, et seq. Those questions must be directed to the Commission on Ethics for Public Employees and for Elected Officials.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: KENNETH C. DEJEAN General Counsel RPI:KLK:ams 0318c